WANG, GAO & ASSOCIATES, P.C.
36 Bridge Street
Metuchen, NJ 08840
(t): (732) 767-3020
(f): (732) 343-6880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIN HUI WU, | Case No.: 15-cv-02741-CCC-MF |
| Plaintiff, | **COMPLAINT** |
| v. | **Jury Trial Demanded** |
| VAN NAILS AND HAIR, EDISON VAN HA, *Individually*, VAN-THU CALV, *Individually*, and VAN THAI VAN, *Individually*, | |
| Defendants. | |

Plaintiff, MIN HUI WU (hereinafter "Plaintiff"), by and through her attorneys, WANG, GAO & ASSOCIATES, P.C., hereby file this Complaint against Defendants and state as follows:

## **INTRODUCTION**

1. Plaintiff allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further allege that, pursuant to the New Jersey Wage and Hour Law, Plaintiff is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and statutory penalties, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b) based upon the fact that a substantial part of the events giving rise to the claim occurred within the state of New Jersey.

## PARTIES

5. At all times relevant hereto, Plaintiff MIN HUI WU (hereinafter "Wu") is a resident of the State of New York, County of New York.

6. At all times relevant hereto, Plaintiff resided at 74 Forsyth Street, Unit 8, New York, New York, 10002.

7. At all times relevant hereto, Defendant VAN NAILS AND HAIR, (hereinafter "Van Nails") was and is a sole proprietorship duly existing and operating by virtue of the laws of the State of New Jersey.

8. At all times relevant hereto, Defendant Van Nails owns and/or operates a beauty salon located at 607 Park Avenue, Plainfield, New Jersey 07060.

9. At all times material, Plaintiff Wu was an employee of Defendant Van Nails, holding the position of "Manicurist".

10. At all times material, Plaintiff worked at Defendant Van Nails location at 607 Park Avenue.

11. Upon information and belief, Defendant EDISON VAN HA (hereinafter "Edison") was and is an employee of Defendant Van Nails, holding the position of "Owner" of the Sole Proprietorship.

12. Upon information and belief, Defendant VAN-THU CALV, A/K/A VAN, (hereinafter "Van") was and is an employee of Defendant Van Nails, holding the position of "Manager".

13. Upon information and belief, Defendant VAN THAI VAN, A/K/A VIVIAN (hereinafter "Vivian") was and is an employee of Defendant Van Nails, holding the position of "Co-Manager".

14. At all times relevant hereto, Defendants Edison, Van, and Vivian operated, maintained, managed, and controlled Defendant Van Nails. Defendants are hereinafter collectively referred to as "Defendants".

15. At all times relevant hereto, Defendants held supervisory authority over Plaintiff WU, and exercised control over the terms and conditions of Plaintiff's employment, such as the power to (a) fire and hire, (b) determine rate and method of pay, (c) set employee schedule, and (d) otherwise affect the quality of employment. Employees were hired, terminated, compensated, and/or supervised directly by Defendants Edison, Van, and Vivian.

16. At all times relevant hereto, Defendant Van Nails was and continues to be an Enterprise engaged in commerce within the meaning of the FLSA §§ 203(r) and 203(s).

17. At all times relevant hereto, Plaintiff Wu performed work, as a non-exempt employee, that was directly essential to the business operated by Defendants.

18. Plaintiff Wu has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## MATERIAL FACTS

19. On or about October 1, 2012, Plaintiff Wu was hired by Defendants to work as a Manicurist at Defendants' beauty Salon located at 607 Park Avenue.

20. Plaintiff Wu worked for Defendants until in or about February 2014.

21. Throughout her employment, Plaintiff Wu was compensated by commission only. Specifically, Plaintiff took 60% of payments from customers she personally serviced, and Defendants' took 40%.

22. Defendants compensated Plaintiff mostly in cash.

23. Throughout her employment, Plaintiff Wu worked seven (7) days a week, from opening to closing.

24. During warmer seasons and/or on weekends, when Van Nails was busiest, Defendants would stay open until eleven or twelve o'clock at night.

25. As such, throughout her employment, Plaintiff Wu consistently worked between 72 hours to 81 hours per week.

26. Plaintiff Wu improperly received her compensation on commission basis at a rate of about $353.00 bi-weekly via check, and an additional $1,000 to $1,500 weekly in cash with no withholdings.

27. Aside from Plaintiff, Defendants' hired other workers, all of whom were similarly required to work weekly hours grossly in excess of 40, and all of whom were gravely undercompensated.

28. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the FLSA and New Jersey State Wage and Hour Law overtime rate of time and one-half.

**AS A FIRST CAUSE OF ACTION UNDER THE FAIR LABOR STANDARDS ACT**

29. Plaintiff realleges and repeats Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. At all relevant times, upon information and belief, Defendants were and continue to be employers engage in interstate commerce within the meaning of the FLSA 29 U.S.C. §§ 206(a) and 207(a).

31. Further, Plaintiff is a covered individual within the meaning of the FLSA 29 U.S.C. §§ 206(a) and 207(a).

32. At all times relevant, Defendants employed Plaintiff within the meaning of the FLSA.

33. Upon information and belief, at all times relevant, Defendants had a gross revenue, in case, in excess of $500,000.00.

34. At all times relevant, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for their hours worked, which were grossly in excess of forty hour per week.

35. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

36. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants.

37. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidence by their failure to compensate Plaintiff at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

39. Defendants failed to properly disclose or apprise Plaintiff of her right under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

41. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

42. Plaintiff are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## AS A SECOND CAUSE OF ACTION UNDER THE NEW JERSEY STATE WAGE AND HOUR LAW

43. Plaintiff reallege and repeats Paragraphs 1 to 42 of this Complaint as if fully set forth herein.

44. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New Jersey State Wage and Hour Law.

45. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

46. Due to Defendants' violations, Plaintiff is entitled to recover from Defendant her unpaid overtime, statutory penalties, damagers for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursement of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

47. A declaratory judgment that the practice complained of therein are unlawful under the FLSA and the New Jersey State Wage and Hour Law;

48. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

49. An award of unpaid overtime compensation due under the FLSA and New Jersey State Wage and Hour Law;

50. An award of the liquidated and punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216.

51. An award of liquidated and punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New Jersey State Wage and Hour Law;

52. An award of statutory penalties, and prejudgment and postjudgment interests;

53. An award of cost and expenses of this action together with reasonable attorneys' and expert fees; and

54. Such other further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Plaintiff, by their attorneys, hereby certify that the matter in controversy is not the subject of any other pending or contemplated judicial or arbitration proceeding.

Date: April 17, 2015

                          Respectfully Submitted,

                     By: s/ Heng Wang
                         HENG WANG, ESQ.
                         WANG, GAO, & ASSOCIATES, P.C.
                         36 BRIDGE STREET
                         METUCHEN, NEW JERSEY 08840
                         TEL: 732-767-3020
                         FAX: 732-343-6880

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____