STEVEN NGUYEN, ESQ.
ATTORNEY ID # 014531993
279 AMBOY AVENUE
WOODBRIDGE, NJ 07095
TEL. (732) 582-6762
FAX (732) 582-6763
ATTORNEY FOR THE DEFENDANTS

| | |
|---|---|
| MIN HUI WU : | UNITED STATES DISTRICT COURT |
|     Plaintiff, | FOR THE DISTRICT OF NEW JERSEY |
| vs. : | |
| | CIVIL ACTION NO.2:15-cv-02741-CCC-MF |
| VAN NAILS AND HAIR, : | |
| EDISON VAN HA, Individually, | HON.  MARK FALK |
| VAN-THU CALV, Individually, : | |
| and VAN THAI VAN, | |
| Individually, : | MOTION DATE:      AUGUST 3, 2015 |
|     Defendants, | |

BRIEF IN SUPPORT OF THE DEFENDANTS' NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS IN FAVOR OF THE DEFENDANTS PURSUANT TO FED. R. CIV. P. 12(c)

                                            On the Brief
                                            Steven Nguyen, Esq.
                                            Attorney for the defendants

                                            By:  s/ Steven Nguyen

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
|  | TABLE OF AUTHORITIES | 3 |
|  | STATEMENT OF FACTS | 4 |
|  | LEGAL ARGUMENT | 5-7 |
| EXHIBIT A | COMPLAINT |  |
| EXHIBIT B | LETTER FROM WANG GAO & ASSOCIATES, P.C. DATED 4/24/2015 |  |
| EXHIBIT C | ANSWER |  |

## TABLE OF AUTHORITIES

| | Page |
|---|---|
| 29 U.S.C. § 207(a)(1) | 5 |
| 29 C.F.R. § 779.103 | 5 |
| 29 U.S.C. § 203(b) | 5 |
| *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114 (E.D.N.Y. 2011) | 5 |
| *Li v. Cheng*, No. 10-CV-4664, 2012 WL1004852, at 4 (E.D.N.Y. Mar. 23, 2012) | 6 |
| 29 U.S.C. § 203(s)(1)(A) | 7 |
| 28 U.S.C. § 1332(a) | 7 |

## STATEMENT OF FACTS

1. Plaintiff filed the Complaint against the defendants alleging violation of the Fair Labor Standards Act (FLSA) and the New Jersey Wage and Hour Law. Exhibit A.

2. The Complaint states that the plaintiff worked as manicurist for Van Nails and Hair located at 607 Park Avenue, Plainfield, New Jersey from October 2012 to February 2014.

3. The Complaint further states that the defendants failed to pay the plaintiff the overtime, as required by law, for the number of hours worked in excess of forty hours per week.

4. The plaintiff's counsel advised the defendants by way of letter dated 4/24/2015 that the plaintiff sustained a loss of $25,044.89. Exhibit B.

5. The defendants filed an answer to the complaint denying most of the allegations, except that the plaintiff worked for the defendants. Exhibit C.

LEGAL ARGUMENT

I. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The Complaint alleges violation of the Fair Labor Standards Act (FLSA) on the part of the defendants for failure to pay the plaintiff the overtime. The Fair Labor Standards Act requires the employer to pay the employee one and one-half times (1 and ½) the regular rate for each of the hours worked in excess of 40 hours per week.

But that for FLSA to apply, the employee in his/her work for the employer must be engaged in commerce or in the production of goods for commerce, or is employed in an enterprise which is engaged in commerce or in the production of goods for commerce. 29 U.S.C.§ 207(a)(1). The plaintiff, as manicurist, was not engaged in commerce or in the production of goods for commerce under the Act. The defendants, a nail and hair salon, were not an enterprise which was engaged in commerce or in the production of goods for commerce. Accordingly, assuming that the allegations in the complaint about the failure to pay overtime are true, FLSA still does not apply. The complaint fails to state a claim under FLSA upon which relief can be granted.

A. THERE WAS NO INDIVIDUAL COVERAGE UNDER THE ACT.

Employees are engaged in commerce within the meaning of the Act when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof. 29 C.F.R. § 779.103. The Act

5

further defines "Commerce" as trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof. 29 U.S.C. § 203(b).

The U.S. District Court of New York in *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114 (E.D.N.Y. 2011) states the following on the overtime requirement under FLSA:

> *Engagement in interstate commerce, either by an employee or by the employer as a whole, is a requisite for liability for the FLSA's overtime requirement. A plaintiff may satisfy this requirement by showing "individual coverage" through his personal engagement in interstate commerce or "enterprise coverage" through the employer's engagement in interstate commerce.*

at 120.

As a basic rule, if the plaintiff did not have any contact with out-of-state customers or businesses, he cannot be individually covered under the FLSA. *Li v. Cheng*, No. 10-CV-4664, 2012 WL1004852, at 4 (E.D.N.Y. Mar. 23, 2012).

The plaintiff in the case at hand worked at Van Nails and Hair Salon as a manicurist. The plaintiff was not in any way engaged in commerce or in the production of goods for commerce.

B. THERE WAS NO ENTERPRISE COVERAGE UNDER THE ACT.

If no individual coverage is shown, the plaintiff must show that her employer is an enterprise which was engaged in commerce or in the production of goods for commerce.

Van Nails and Hair Salon was not an enterprise which was engaged in commerce or in the production of goods for commerce. The Salon provided nail and hair services to the locals in North Plainfield, NJ. "Enterprise engaged in commerce or in the production of goods for commerce means an enterprise that has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A).

II. THERE IS NO DIVERSITY OF CITIZENSHIP JURISDICTION, 28 U.S.C. § 1332(a), BECAUSE THE PLAINTIFF'S DAMAGES ARE LESS THAN $75,000.00.

Although the Complaint does not state the amount of damages, the plaintiff's counsel in a letter dated 4/24/2015 to the defendants, for purposes of settlement, indicates that the plaintiff was deprived of a sum of $25,044.89, exclusive of interest and cost. Exhibit B. The amount is way below the amount required under the jurisdictional requirements.

CONCLUSIONS:

For the foregoing reasons, the defendants hereby submit that the plaintiff's claims fail to trigger the application of the Fair Labor Standards Act, and that the Complaint fails to state a claim under FLSA. Judgment dismissing the First Cause of Action in the

7

Complaint should be entered. Further, the amount of monetary loss alleged by the plaintiff fails to meet required amount for diversity jurisdiction purposes. Accordingly, the Complaint has to be dismissed.

Date:   July 3, 2015

Steven Nguyen, Esq.
Attorney for the defendants

By:   s/ Steven Nguyen
_____