Wang, Gao & Associates, P.C.
36 Bridge Street
Metuchen, NJ 08840
(t): (732) 767-3020
(f): (732) 343-6880

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIN HUI WU | |
| Plaintiff, | |
| vs. | Case No. 2:15-cv-02741-CCC-MF |
| VAN NAILS AND HAIR, EDISON VAN HA, *Individually*, VAN-THU CALV, *Individually* and VAN THAI VAN, *Individually* | CIVIL ACTION |
| Defendants. | |

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(c)

Motion Return Date: August 03, 2015

Table of Contents

Page

I. INTRODUCTION

    A. PRELIMINARY STATEMENT ... 1

    B. PROCEDURAL HISTORY ... 1

    C. FACTUAL BACKGROUND ... 2

II. LEGAL ARGUMENT ... 3

    A. Standard of Review ... 3

    B. Defendants are Estopped from Filing the Instant Motion ... 3

    C. Defendants' Motion To Dismiss Pursuant to Fed R. Civ. P. 12(b)(6) ... 4

    D. Conversion to Fed. R. Civ. P. 56 (Summary Judgment Motion) ... 6

    E. Subject Matter Jurisdiction ... 7

III. CONCLUSION ... 9

Table of Authorities

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

*Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6(2003)

*Conly v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)

*Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)

*Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir.)

*Franchise Tax Bd. V. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)

*Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994)

*Kehr Packages, Inc. v. Fidelcor*, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)

*Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)

*McGovern v. City of Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009)

*McTernan v. City of York*, 577 F.3d 521, 5265 (3d Cir. 2009)

*Mycone Dental Supply Co., Inc. v. Keystone Research & Pharmaceutical*, Civil Action No. 11-4380 (JBS/KMW), 2012 U.S. Dist. LEXIS 116924, *10 (D.N.J. August 17, 2012)

*Oneida Indian Nation v. Cnty of Oneida*, 414 U.S. 661, 666 (1974)

*Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008)

*Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n. 27 (3d Cir.2010)

*Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991)

*Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 643 (2002)

*Virtual Studios v. Couristan, Inc.*, No. 11-427, 2011 WL 1871106, at *2 (D.N.J. May 16, 2011)

## STATUTES:

28 U.S.C. § 1331

28 U.S.C. § 1332

29 U.S.C. § 201

29 U.S.C. § 206

29 U.S.C. § 207

29 U.S.C. § 216

**RULES:**

Fed. R. Civ. P. 8(a)(2)

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(c)

Fed. R. Civ. P. 12(d)

Fed. R. Civ. P. 12(g)(2)

Fed. R. Civ. P. 56

**OTHER**

U.S. Const. art III, § 2.

# I. INTRODUCTION

## A. PRELIMINARY STATEMENT

The Plaintiff commenced this action under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and the New Jersey Wage and Hour Law seeking relief for (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

The Defendants, by way of their present motion, now makes their second application to dismiss the Plaintiff's complaint. The Defendants request the Court to dismiss the Plaintiff's pleading on the baseless allegation that it fails to state a claim upon which relief may be granted and that the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332. A simple review and reading of the complaint proves it is clear that the Plaintiff has sufficiently stated her claim and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Defendants have failed to carry their burden or provide sufficient evidences for this Court to grant their motion and it must therefore be denied in its entirety.

The Plaintiff notes that the Defendants' instant motion is unsupported by any declaration, affidavit, or certification of any party or other person claiming to have personal knowledge of the facts and/or circumstances of the matter. The Court must therefore exclude from its considerations any assertions of facts or other evidences outside of the pleadings themselves.

The Plaintiff further notes that she did not plead subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in the first place and the Defendants' claim frivolously seeking dismissal on that ground should be instantly rendered moot.

## B. PROCEDURAL HISTORY

1

The instant action is in its infancy, and the parties have not yet engaged in any discovery or even exchanged initial disclosures.

On April 22, 2015 the Plaintiff filed her complaint in the United States District Court, District of New Jersey against the Defendants under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et al.* and the New Jersey Wage and Hour Law seeking relief for (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.[1]

On May 22, 2015 the Defendants filed their First Motion to Dismiss claiming the Court lacked subject matter jurisdiction and then filed their Answer on May 26, 2015 prior to the Court making a determination on their motion[2]. The Plaintiff sent a letter to the Court regarding the Defendants' dual filing of their pre-answer notice to dismiss and answer on May 29, 2015, and the Defendants filed a letter in response providing their reasoning for the dual filing.[3]

The Defendants subsequently withdrew their First Motion to Dismiss following the in-person status conference held on June 05, 2015.

On July 03, 2015 the Defendants filed this, their second motion to dismiss, pursuant to Fed. R. Civ. P. 12(c) reasserting their claim that the Court lacked subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and further claiming that the Plaintiff had failed to state a claim upon which relief may be granted.

### C.  FACTUAL BACKGROUND

The facts and circumstances upon which this memorandum is based are more fully set forth in the Declaration of Christian R. Oehm, Esq., and accompanying exhibits attached thereto.

---

[1] See Exhibit A to the Declaration of Christian R. Oehm, Esq.
[2] See Exhibits B and C to the Declaration of Christian R. Oehm, Esq.
[3] See Exhibits D and E to the Declaration of Christian R. Oehm, Esq.

## II.   LEGAL ARGUMENT

### A.   Standard Of Review

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c).

The difference between a motion to dismiss pursuant to Rule 12 (b) (6) and Rule 12 (c) is only a matter of timing and the Court applies the same standard to a Rule 12(c) motion as it would to a Rule 12 (b) (6) motion. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). To survive a motion to dismiss under either Rule 12 (b) (6) or 12 (c), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n. 27 (3d Cir.2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." See *McTernan v. City of York*, 577 F.3d 521, 5265 (3d Cir. 2009) (internal quotation marks and citation omitted). When evaluating a motion to dismiss, courts generally look "only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Virtual Studios v. Couristan, Inc.*, No. 11-427, 2011 WL 1871106, at *2 (D.N.J. May 16, 2011) (citing and quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994)).

When reviewing all of the documents and construing all of the facts and inferences in a light most favorable to the Plaintiff, it is apparent that the Plaintiff has more than sufficiently pled the causes of action in the Complaint.

### B.   Defendants are Estopped from Filing the Instant Motion

Defendants must be estopped from making this their second motion to dismiss. A party that makes a motion under Rule 12 must not make another motion under this rule raising a

3

defense or objection that was available to the party but omitted from its earlier motion. Fed. R. Civ. P. 12(g)(2).

The Defendants filed their first motion to dismiss for lack of subject matter jurisdiction based upon Fed. R. Civ. P. 12(b)(1) on May 22, 2015. The Defendant failed to raise any 12(b)(6) defenses – failure to state a cause of action – in that motion and later withdrew that motion choosing instead to file their answer. The Court is presented with a unique instance where the Defendants first filed a motion to dismiss, decided thereafter to file an answer prior to a ruling on their first motion, and then upon conference with the Court and Plaintiff's attorney decided to voluntarily withdraw that first motion, only to now file their second motion to dismiss.

The Defendants have not provided any reason why their first motion to dismiss did not include failure to state a claim as a basis for dismissal. Moreover, the Defendants merely reassert – nearly word for word – their claim that the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332 despite the fact that it was never even plead in the first place. The Defendants' motion is completely devoid of addressing the clear and undisputable fact that the Court indeed has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 – as the action is commenced seeking relief pursuant to the FLSA. It is clear that the Defendants' present motion is not made in good faith and rather is made to harass, unnecessarily prolong the matter, waste the Court's time, increase the litigation costs, and is completely frivolous.

### C. Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir.)  It is well settled that a

4

pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint should only be dismissed for failure to state a claim if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, the Court determines that "the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). The test in reviewing a motion under Rule 12(b)(6) is whether, a plaintiff would be entitled to relief under any plausible reading of the complaint. Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). If the Court finds in the affirmative – that the plaintiff may be entitled to relief under a plausible reading of the complaint, then a motion to dismiss should be denied. Id. Additionally, the Court is not constrained to reviewing only the complaint in isolation, but may consider the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

In Conly v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the court stated that at the very least, "...a short and plain statement of the claim showing that the pleader is entitled to relief," so to provide, "...the defendant fair notice or what ... the claim is and grounds upon which it rests," is all that is required to meet the fundamental requirement that a federal lawsuit must state a claim upon which relief may be granted. Conly v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 12(b)(6).

Additionally, if a complaint is vulnerable to, "12(b)(6) dismissal, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Mycone Dental Supply Co., Inc. v. Keystone Research & Pharmaceutical, Civil Action No. 11-4380

(JBS/KMW), 2012 U.S. Dist. LEXIS 116924, *10 (D.N.J. August 17, 2012), citing, *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

Again, when reviewing all of the documents and construing all of the facts and inferences in a light most favorable to the Plaintiff, it is apparent that the Plaintiff has more than sufficiently pled the causes of action in the Complaint.

### D. Conversion to Fed. R. Civ. P. 56 (Summary Judgment Motion)

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Fed R. Civ. P. 56. An affidavit or declaration used to support a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56 (c)(4). All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d).

The Court cannot convert the instant motion to a summary judgment motion because the Defendants have not provided any admissible evidences, affidavits or declarations outside of the pleadings upon which the Court may rely or consider in granting a motion to dismiss under Fed. R. Civ. P. 56. The Defendants assertions in their memorandum are unsupported by any declaration made under oath by persons competent to testify claiming to have person knowledge and must be excluded. The Court should not further consider any subsequent certifications that may be offered by the Defendants in their reply as to do so would unduly prejudice the Plaintiff when no declarations were included in the original filing.

*In arguendo*, even if the Court were to convert the instant motion to a Fed. R. Civ. P. 56 motion, it would still require to be denied because the Defendants have failed to carry their

6

burden as there remain genuine issues of material fact evident by review of the parties' pleadings alone.

Moreover, no discovery has been completed in this matter and it would be inappropriate for the Court to dismiss this action in its infancy before the Plaintiff has even had an opportunity to seek any discovery whatsoever.

### E. Subject Matter Jurisdiction

The Court should deny the Defendants motion to dismiss the action based upon a lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as moot. The Plaintiff did not plead subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Rather the Plaintiff plead jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. It is clear that this Court retains jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Defendants have only sought dismissal on the basis of subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and the Court may not grant any further relief other than what is requested in a parties' notice of motion.

Even if the Court were to consider Defendants' frivolous contention, the Plaintiff's pleading is sufficient for the Court to find it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

The District Court may grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on the legal insufficiency of a claim. <u>Kehr Packages, Inc. v. Fidelcor</u>, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). A facial attack on the legal sufficiency of a claim of a federal question will succeed where the claim is "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy...." <u>Oneida Indian Nation v. Cnty of Oneida</u>, 414 U.S. 661, 666 (1974).

Congress vests federal district courts with subject matter jurisdiction over cases involving questions of federal law. It is clear and well settled that the district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The Constitution of the United States of America vests federal courts with the authority to hear cases "arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. art III, § 2. Federal law includes an act of Congress or a regulation issued under an act of Congress. <u>Verizon Md. Inc. v. Public Serv. Comm'n of Md.</u>, 535 U.S. 635, 643 (2002).

A case generally arises under federal law when federal law creates the cause of action. <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 312 (2005); see also <u>Empire Healthchoice Assurance, Inc. v. McVeigh</u>, 547 U.S. 677, 690 (2006), quoting <u>Franchise Tax Bd. V. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983) ("A case 'aris[es] under' federal law within the meaning of § 1331 … if 'a well-pleaded complaint establishes either that federal law creates the cause of action …'").

A court will "examine the 'well pleaded' allegations of the complaint and ignore potential defenses: '[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statements of his own cause of action shows that it is based upon those laws of that Constitution.'" <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6(2003), quoting <u>Louisville & Nashville R. Co. v. Mottley</u>, 211 U.S. 149, 152 (1908).

The Fair Labor Standards Act of 1938 – commonly abbreviated as FLSA – is a federal statute of the United States that provides minimum and overtime pay scales for individuals who qualify as employees. 29 U.S.C. §§ 206(a)(1), 207(a)(1). It also imposes financial liability on employers who violate those provisions. 29 U.S.C. §§ 216(b). Although Fed.R.Civ.P. 12(b)(1) provides that a party may move to dismiss a lawsuit for lack of subject matter jurisdiction, it is

8

clear that pursuant to 28 U.S.C. § 1331, this Court retains jurisdiction over matters brought pursuant to the FLSA. The Plaintiff has sufficiently pled her first cause of actions pursuant to the FLSA. Therefore, Defendants' motion to dismiss for lack of subject matter jurisdiction must be denied.

## CONCLUSION

For all the reasons aforementioned, the Court should deny the Defendants' motion in its entirety.

Dated: July 16, 2015

By: _____
Christian R. Oehm, Esq. (CO2182)
*Attorneys for Plaintiff*
**WANG, GAO & ASSOCIATES, P.C.**
36 Bridge Street
Metuchen, NJ 08840
(t): (732) 767-3020
(f): (732) 343-6880
*christian.oehm@wanggaolaw.com*

9