**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WU MIN HUI, <br><br> Plaintiff, <br><br> v. <br><br> VAN NAILS AND HAIR, et al., <br><br> Defendants. | Civil Action No.: 15-2741 (CCC-MF) <br><br> **MEMORANDUM OPINION AND ORDER** |

**CECCHI, District Judge.**

**THIS MATTER** comes before the Court on the motion of Defendants Van Nails and Hair ("Van Nails"), Edison Van Ha, Van Thu Calv, and Van Thai Van (collectively, "Defendants") for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 14. Plaintiff Wu Min Hui ("Plaintiff") opposes the motion. ECF No. 16. It appearing that:

1. Plaintiff filed her initial Complaint against Defendants on April 17, 2015. ECF No. 1. Plaintiff filed her Amended Complaint as a matter of course on April 21, 2015. Amended Complaint ("Am Compl."), ECF No. 3.

2. During the relevant time period, Plaintiff worked as a manicurist for Defendant Van Nails, the owner and operator of a beauty salon in New Jersey. Id. ¶¶ 8-9. Plaintiff brought the instant action against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and for violations of the analogous state statute, the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56a, et seq. See generally Am. Compl., ECF No. 3. The Amended Complaint alleges Defendants willfully violated the FLSA and NJWHL by failing to pay Plaintiff for all overtime hours

worked. Id. ¶¶ 1-2, 28, 34-35, 38, 45. On May 26, 2015, Defendants answered the Amended Complaint, denying all material factual allegations. See generally Answer and Demand for Trial by Jury, ECF No. 8. On July 3, 2015, Defendants filed the instant motion for judgment on the pleadings. ECF No. 14.

3. Under Rule 12 of the Federal Rules of Civil Procedure, a party may move for a judgment on the pleadings, after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). To grant a motion for judgment on the pleadings, the moving party must clearly demonstrate there are no issues of material fact and that he is entitled to judgment as a matter of law. See Rosenau v. Uniford Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)).

4. When a motion filed under Rule 12(c) is based on a failure to state a claim upon which relief can be granted, the governing standard is the same as that for a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). See Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 146-47 (3d Cir. 2013). Thus, in ruling on this motion, the Court must "evaluate the complaint for 'well-pleaded factual allegations,' assume their veracity, and then 'determine whether they plausibly give rise to relief.'" Woodend v. Lenape Reg'l High Sch. Dist., 535 Fed. App'x 164, 166 (3d Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). Also as with a motion to dismiss pursuant to Rule 12(b)(6), the Court must view the facts in the light most favorable to the plaintiff, and derive all favorable inferences from those facts. See Huertas v. U.S. Dep't of Educ., Civil No. 08-3959 (RBK/KMW), 2009 WL 3165442, at *2 (D.N.J. Sept. 28, 2009).

5. The FLSA extends coverage to employees by two means: (1) the employee herself may be engaged in commerce or in the production of goods for commerce (i.e., "individual coverage"); or (2) the employee may be employed in an enterprise engaged in commerce or the production of goods for commerce (i.e., "enterprise coverage"). See 29 U.S.C. § 207(a)(1). Defendants contend the FLSA does not apply in this case because there was neither individual nor enterprise coverage. Brief in Support of the Defendants' Notice of Motion for Judgment on the Pleadings in Favor of the Defendants Pursuant to Fed. R. Civ. P. 12(c), ECF No. 14, at 5-7.

6. Although the question of whether the FLSA applies in this case is a question of law, Cannon v. Vineland Hous. Auth., 627 F. Supp. 2d 171, 175 (D.N.J. 2008), it can only be determined by examining the facts surrounding Defendants' business activities. At this early stage of the litigation, the facts alleged by Plaintiff are sufficient to satisfy pleading requirements. Because Defendants have not met their burden of demonstrating that Plaintiff has no plausible claim under the FLSA, a judgment on the pleadings cannot be granted. Accordingly,

IT IS on this __29__ day of __January__, 2016,

**ORDERED** that Defendants' Motion for Judgment on the Pleadings, ECF No. 14, is hereby **DENIED**.

**SO ORDERED.**

                                                        **CLAIRE C. CECCHI, U.S.D.J.**